DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Bench Signs Unlimited, appeals from the decision of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, Stark Area Regional Transit Authority. For the reasons stated below, we dismiss the appeal for lack of a final, appealable order.
 {¶ 2} On January 18, 2000, Appellant filed a complaint against Appellee seeking damages for breach of contract. Appellee filed an answer and counterclaim. Discovery commenced. Thereafter, Appellee filed a motion for summary judgment. Appellant responded in opposition. On April 24, 2003, the trial court granted summary judgment in favor of Appellee. The trial court did not dispose of Appellee's counterclaims. It is from this decision that Appellant appeals.
 {¶ 3} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02, an order is both final and appealabe if it resolves all claims against all parties or it "resolves at least one full cause of action in a multiple claim case with an express certification that there is no just reason for delay pursuant to Civ.R. 54(B)." Dellagnese v. First Federal Savings Loan Assn.
(Feb. 20, 1991), 9th Dist. No. 14809, at 2, citing Norvell v. CuyahogaCty. Hospital (1983), 11 Ohio App.3d 70, 71.
 {¶ 4} Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason fordelay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * * of all the parties." (Emphasis added.)
Thus, Civ.R. 54(B) allows a trial court to issue partial judgments in actions involving multiple claims if the express determination is made that "there is no just reason for delay." This Court has emphasized in the past "that these seven words are mandatory." Grable v. SpringfieldTwp. Bd. of Zoning Appeals (Sept. 10, 1997), 9th Dist. No. 18185, at 4, citing General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 20. "As delineated * * * this language is not a meaningless litany, but mandatory." Grable, supra, at 18. Its omission is fatal not only to the order's finality, but also this Court's jurisdiction. See id. Absent such certification by the trial court, the action remains interlocutory. See id.
 {¶ 5} In the present matter, Appellee's counterclaims are still pending before the trial court. Therefore, all claims as to all parties have not been decided and Civ.R. 54(B) applies. Upon review, we find that the judgment entry does not contain an express determination that there was "no just reason for delay" which would allow Appellant to appeal before the termination of the entire case. See Ball v. Gemerchak (Dec. 31, 1998), 6th Dist. No. L-98-1180. The trial court, when granting Appellee's motion for summary judgment, merely indicated that the order was final and appealable. In the absence of such express language, the order granting summary judgment will only be deemed final and appealable when all the claims of all the parties are decided. See Alexander v.Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 159. As the judgment in the present matter disposed of some, but not all, of the claims between the parties without a Civ.R. 54(B) certification, the trial court's judgment is not a final, appealable order. See Ball, supra. Accordingly, the appeal is dismissed.
Appeal dismissed.
CARR, J. and BATCHELDER, J. CONCUR.