DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Hudson Village Joint Venture, appeals from the judgment of the Summit County Court of Common Pleas which found in favor of Appellee, David Moore Building, Inc., and ordered Appellant to deliver warranty deeds for the sublots in issue to Appellee. For the reasons stated below, we dismiss the appeal for lack of a final, appealable order.
 {¶ 2} Reserve Development Company ("Reserve") owned a parcel of property in Hudson, Ohio, which was being divided into sublots, improved, and then sold to builders for the construction of single-family homes. In 1990, Reserve entered into a contract with Appellee for the sale of five of these aforementioned sublots. In exchange for a down payment from Appellee, Reserve agreed to convey the sublots to Appellee when the subdivision was "[c]ompletely [d]eveloped and building permits [were] available." At that time, Appellee was required to tender the remainder of the purchase price to Reserve.
 {¶ 3} Thereafter, in 1991, Reserve conveyed its entire interest in the undeveloped portions of the subdivision to Village West Limited Partnership ("Village West"). This conveyance included the sublots purchased by Moore via the 1990 contract with Reserve. The following year, Village West conveyed its interest in the subject property to Appellant. Appellant continued improving the sublots and installed roads and utilities in 2002. As the completion of the subdivision was nearing, and the lots appeared buildable, Appellee contacted Appellant and stated his willingness to tender the remainder of the purchase price for the five sublots. Appellant, asserting that it was not bound by the contract, did not accept payment from Appellee nor deliver title to the sublots. Appellant indicated that it would sell the sublots to Appellee, but not at the price set forth in the 1990 agreement.
 {¶ 4} On March 17, 2000, Appellee filed a complaint against Appellant and Reserve.[1] Appellant then filed a combined answer and counterclaim. Thereafter, Reserve filed a motion for judgment on the pleadings. The motion was granted on October 30, 2002. Appellant and Appellee each filed a motion for summary judgment. The court denied both motions and the matter proceeded to trial. The court issued a decision on July 31, 2003, which ordered Appellant to convey title of the sublots to Appellee by warranty deed. The trial court did not dispose of Appellant's counterclaim. It is from this decision that Appellant appeals.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02, an order is both final and appealable if it resolves all claims against all parties or it "resolves at least one full cause of action in a multiple claim case with an express certification that there is no just reason for delay pursuant to Civ.R. 54(B)."Dellagnese v. First Federal Savings Loan Assn. (Feb. 20, 1991), 9th Dist. No. 14809, at 2, citing Norvell v. CuyahogaCty. Hospital (1983), 11 Ohio App.3d 70, 71. See, also, BenchSigns Unlimited v. Stark Area Regional Transit Authority, 9th Dist. No. 21574, 2003-Ohio-6324, at ¶ 3.
 {¶ 6} Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon anexpress determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * * of all the parties." (Emphasis added.)
 {¶ 7} Thus, Civ.R. 54(B) allows a trial court to issue partial judgments in actions involving multiple claims if the express determination is made that "there is no just reason for delay." This Court has emphasized in the past "that these seven words are mandatory." Bench Signs Unlimited at ¶ 4; Grable v.Springfield Twp. Bd. of Zoning Appeals (Sept. 10, 1997), 9th Dist. No. 18185, at 4, citing General Acc. Ins. Co. v. InsuranceCo. of North America (1989), 44 Ohio St.3d 17, 20. "As delineated * * * this language is not a meaningless litany, but mandatory." Grable, supra, at 18. Its omission is fatal not only to the order's finality, but also this Court's jurisdiction. See id. Absent such certification by the trial court, the action remains interlocutory. See id. See, also, Bench Signs Unlimited
at ¶ 4.
 {¶ 8} In the present matter, Appellant's counterclaim is still pending before the trial court. Therefore, all claims as to all parties have not been decided and Civ.R. 54(B) applies. Upon review, we find that the judgment entry does not contain an express determination that there was "no just reason for delay" which would allow Appellant to appeal before the termination of the entire case. See Ball v. Gemerchak (Dec. 31, 1998), 6th Dist. No. L-98-1180. The trial court's order of July 31, 2003 merely indicated that the order was final and appealable. In the absence of such express language, the order granting summary judgment will only be deemed final and appealable when all the claims of all the parties are decided. See Alexander v. BuckeyePipe Line Co. (1977), 49 Ohio St.2d 158, 159. As the judgment in the present matter disposed of some, but not all, of the claims between the parties without a Civ.R. 54(B) certification, the trial court's judgment is not a final, appealable order. SeeBall, supra. Accordingly, the appeal is dismissed.
Appeal dismissed.
Carr, P.J. Whitmore, J. concur
[1] We note that at the outset, several additional parties were also named as defendants. However, the parties were subsequently dismissed.