DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Bench Signs Unlimited has appealed from a decision of the Summit County Court of Common Pleas which granted summary judgment in favor of Defendant-Appellee Stark Area Regional Transit Authority. This court affirms.
 I {¶ 2} On January 18, 2000, Plaintiff-Appellant Bench Signs Unlimited ("BSU") filed suit against Defendant-Appellee Stark Area Regional Transit Authority ("SARTA"), wherein it claimed that SARTA breached its contract with BSU and committed fraud against BSU. SARTA provides local bus service in the Stark County area and used posted bus stops as one means of designating locations throughout its service area where busses would stop and pick up passengers. BSU and SARTA entered into a contract on February 23, 1996 that allowed BSU to place advertising for local businesses on benches placed at bus stops throughout the SARTA service area.[1] Pursuant to the terms of the contract, BSU charged advertisers for the advertisements on the bench signs and BSU paid SARTA a portion of the proceeds from the advertisements.
 {¶ 3} In its lawsuit against SARTA, BSU claimed, among other things, that SARTA breached the contract when SARTA failed to help BSU secure local government approval for the placement of bench signs throughout the SARTA service area. BSU also asserted that SARTA committed fraud against BSU when SARTA "falsely represented to [BSU] that it would, in good faith, follow the terms" of the contract. SARTA filed an answer and counterclaim on August 24, 2000. Discovery commenced between the parties. On January 7, 2003, SARTA filed a motion for summary judgment, to which BSU replied on February 18, 2003. SARTA's motion for summary judgment was granted by the trial court on April 23, 2003. SARTA's counterclaims were left pending with the trial court. BSU timely appealed the trial court's decision granting summary judgment to SARTA on BSU's breach of contract and fraud claims.
 {¶ 4} In an opinion and journal entry dated November 26, 2003, this Court held that because SARTA's counterclaims were still pending before the trial court, and the trial court did not include the language "there is no just reason for delay" in its judgment granting summary judgment to SARTA on BSU's claims, the judgment from which BSU appealed was not a final, appealable order. Bench Signs Unlimited v. Stark Area Regional TransitAuth., 9th Dist. No. 21574, 2003-Ohio-6324, ¶ 4. As a result, we declined jurisdiction and dismissed BSU's appeal.
 {¶ 5} On remand, the trial court added the language "[t]here is no just reason for delay of appeal of this Order pursuant to Civ.R. 54(B)" to its April 24, 2003 decision and journal entry granting summary judgment to SARTA.[2] BSU has timely appealed the trial court's April 24, 2003 decision granting summary judgment for SARTA, asserting two assignments of error.
 II Assignment of Error Number One
"The trial court erred in granting [Sarta's] motion for summary judgment as to [Bsu's] breach of contract claim as material questions of fact existed which precluded summary judgment as to: (1) whether [Bsu] acted reasonably pursuant to the terms of its contract with [Sarta]; and (2) whether [Sarta] acted reasonably pursuant to the terms of its contract with [BSU] or whether it acted unreasonably and, thereby, breached the terms of the agreement."
 {¶ 6} In its first assignment of error, BSU has argued that the trial court erred when it found that BSU was in breach of its contract with SARTA and granted summary judgment for SARTA as a result. BSU has further argued that the trial court erred when it found that SARTA was not in breach of its contract with BSU. We disagree.
 {¶ 7} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. In a motion for summary judgment, the moving party initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of its motion. Id. at 292-293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} As BSU has brought contract claims against SARTA, our disposition of the instant matter is governed by principles of contract law. There is no dispute between the parties that a valid contract existed between BSU and SARTA. Both parties have argued that the contract was breached, though each party has argued that it was not the breaching party. Therefore, it is clear to this Court that we must first determine if and when either BSU or SARTA breached the contract. Once this determination is made, we must then determine if the trial court erred when it granted summary judgment for SARTA on BSU's breach of contract and fraud claims.
 {¶ 10} The tenants of contract law guide our disposition of the instant matter. It is well established that if a contract is clear and unambiguous, its interpretation is a matter of law for the court. Columbia Gas of Ohio, Inc. v. Larson Consol. Inc.
(Dec. 15, 1999), 9th Dist. No. 98CA007190 at 5, citing Alexanderv. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. It is also well established that "[i]n the absence of any ambiguities, the words of a contract must be given their plain and ordinary meaning." Buckeye Corrugated, Inc. v.DeRycke, 9th Dist. No. 21459, 2003-Ohio-6321, ¶ 16, appeal not allowed (2004), 102 Ohio St.3d 1421, citing Olmstead v.Lumbermens Mut. Ins. Co. (1970), 22 Ohio St.2d 212.
 {¶ 11} Our examination of the contract between SARTA and BSU convinces us that the contract was clear and unambiguous. Therefore, we will interpret the contract using the plain and ordinary meaning of the words.
 {¶ 12} In the instant mater, the record is replete with documents and affidavits portraying a turbulent relationship between SARTA and BSU. We find the following undisputed facts the most relevant to the instant matter. The City of Canton, Jackson Township and Plain Township are municipalities serviced by SARTA. On September 23, 1996, and without giving SARTA advance notice, BSU filed suit in federal court against Plain Township and Jackson Township. Conflicts had arisen between BSU and the two municipalities regarding the placement of bench signs throughout the two municipalities. The lawsuit challenged the constitutionality of the local zoning ordinances of the two municipalities. Around this same time, BSU executives threatened to take legal action against the Canton Timken High School principal over a dispute involving the placement of a bench sign near the High School. These same executives also placed a call to the Canton Police Department and raised the specter of filing a grand theft complaint against the principal.[3] Immediately upon learning of the lawsuit and the threatening conduct directed toward the High School principal by BSU executives, SARTA directed BSU to dismiss the lawsuit against the two townships and apologize to the High School principal for the threatening conduct. SARTA also notified BSU that SARTA considered BSU in breach of the contract for filing the lawsuits and for placing bench signs in violation of local zoning ordinances. SARTA further advised BSU that it would exercise its right to terminate the contract if BSU did not cure its breach immediately. Many months later, by letter dated March 20, 1998, the City of Canton informed SARTA and BSU that BSU had again placed bench signs at various SARTA bus stop locations in violation of a local zoning ordinance. By letter dated April 28, 1998, SARTA informed BSU that it considered BSU in breach of the contract due to BSU's non-compliance with Canton's zoning ordinance. SARTA directed BSU to cure its breach or SARTA would terminate the contract. Ultimately, in June of 1998, SARTA terminated its contract with BSU and the underlying litigation ensued.
 {¶ 13} BSU has asserted two central arguments in support of its contention that the trial court abused its discretion when it granted summary judgment for SARTA on BSU's breach of contract claim. We will address each argument in turn.
 {¶ 14} We turn first to BSU's argument that SARTA was in breach of the contract when SARTA failed "to assist [BSU] in resolving zoning and other disputes" with Plain Township and Jackson Township during the period of time BSU sought bench sign placements in those municipalities. In response, SARTA has argued that BSU placed bench signs in violation of local zoning ordinances, and that SARTA had no contractual duty to aid BSU's efforts to secure bench sign locations in violation of local zoning ordinances.
 {¶ 15} In support of its argument, BSU points to paragraph twenty-two of the contract, which required SARTA "to exercise best reasonable efforts" to help BSU pursue "reasonably accessible legal remedies" with respect to its bench sign locations. BSU also points to paragraph seven of the contract which mandates that SARTA provide "reasonable assistance" to BSU in BSU's promotion of its advertising business. BSU next points to paragraph nineteen of the contract which states:
"During the term of [the contract], neither [SARTA] nor [BSU] shall engage in any intentional conduct which is substantially detrimental to the interests of the other party, except for lawful action to remedy a breach of [the contract], or to remedy other unlawful conduct, by the other party."
 {¶ 16} Last, BSU points to paragraph twenty-seven of the contract, which essentially states that each party to the contract will abide by the terms of the contract.
 {¶ 17} This Court finds that although paragraph three stated that SARTA "shall cooperate reasonably" with BSU's efforts to secure bench sign locations, the contract further provided that SARTA's duty was conditioned upon BSU pursuing bench sign locations that were "otherwise legal." The contract did not create a duty on the part of SARTA to aid BSU's effort to violate local zoning ordinances. Nor did the contract create a duty on the part of SARTA to defend BSU's violations of local zoning ordinances. As such, we find that SARTA did not breach any provision of the contract when SARTA refused to aid BSU in its dealings with local municipalities that had determined that BSU had violated local zoning ordinances.
 {¶ 18} Next we turn to BSU's argument that BSU was not in breach of the contract when BSU filed suit against Plain Township and Jackson Township on September 23, 1996. In furtherance of this position, BSU has also argued that BSU was essentially forced to file suit against Jackson Township and Plain Township because of SARTA's alleged breach of the contract, discussedinfra. On the other hand, SARTA has argued that BSU breached its contract with SARTA when BSU filed suit against Plain Township and Jackson Township because such conduct caused "substantial detriment" to SARTA, in violation of paragraph nineteen of the contract.
 {¶ 19} It is undisputed that SARTA was very concerned about its business relationship with all of the municipalities it served. At the time SARTA's contract with BSU was formed, SARTA was a newly-established public transportation system that was attempting to build amicable working relationships with the municipalities that it served. Absent these amicable relationships, SARTA would fail to secure routes and thus fail to survive.
 {¶ 20} It strains logic to believe that BSU's conduct of filing a lawsuit against two of the municipalities serviced by SARTA could do anything less than cause "substantial detriment" to SARTA. The consequences of BSU's conduct clearly breached paragraph nineteen of the contract. We summarily reject BSU's argument that BSU was not in breach of the contract when it filed suit against Jackson Township and Plain Township. Furthermore, in light of our determination that SARTA did not breach the contract as alleged by BSU, it follows that we also reject BSU's argument that BSU was forced to file suit against Jackson Township and Plain Township because of SARTA's alleged breach. As a result, we find that BSU did breach its contract with SARTA on September 23, 1996, when it filed suit against Plain Township and Jackson Township.[4]
 {¶ 21} In sum, we find that SARTA did not breach the contract with BSU when SARTA refused to aid BSU in its dealings with local municipalities. We also find that BSU's conduct of filing suit against the two municipalities serviced by SARTA constituted intentional conduct that was substantially detrimental to the interests of SARTA and in breach of paragraph nineteen of the contract. Based on these findings, this Court concludes that reasonable minds could come to but one conclusion, namely that BSU's breach of contract claim against SARTA must fail. As a result, the trial court did not err when it granted summary judgment for SARTA on BSU's breach of contract claim. BSU's first assignment of error is without merit.
 Assignment of Error Number Two
"The trial court erred in granting [Sarta's] motion for summary judgment as to [Bsu's] fraud claim as material questions of fact existed which precluded summary judgment."
 {¶ 22} In its second assignment of error, BSU has argued that the trial court erred when it granted summary for SARTA on BSU's fraud claim against SARTA. Specifically, BSU has argued that SARTA "inten[ded] to breach the [contract] in certain regards from its inception." We disagree.
 {¶ 23} A claim of fraud requires a showing of the following six elements:
"(a) [A] representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Current Source, Inc.v. Elyria City School Dist., 9th Dist. No. 03CA008406,2004-Ohio-3422 at P17, quoting Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
 {¶ 24} The elements of fraud are cumulative. Thus, a claim sounding in fraud that lacks any of the aforementioned elements must fail as a matter of law. Westfield Ins. Co. v. HULS Am.,Inc. (1998), 128 Ohio App.3d 270, 296, quoting Manning v. LenImmke Buick, Inc. (1971), 28 Ohio App.2d 203, 205.
 {¶ 25} In support of its contention that SARTA committed fraud against BSU, BSU has claimed that, at the time the February 23, 1996 contract was signed, SARTA failed to make material disclosures to BSU regarding the location and replacement of bus stop signs in the SARTA service area. SARTA, however, has argued that BSU failed to present "any evidence that SARTA knowingly made any false representations or failed to disclose a material fact with the intent of misleading BSU."
 {¶ 26} Directing our attention again to the contract, paragraph twenty-two states that SARTA "is not obligated to place bus stop signs throughout its operational jurisdiction, and that [SARTA] will place and/or remove bus stop signs when and where deemed operationally appropriate by [SARTA]." Thus it is clear that SARTA made no guarantees to BSU regarding the location of bus stop signs and, in turn, SARTA made no guarantees to BSU regarding the location of bench sign locations. As such, BSU's assertion that SARTA failed to disclose that some or all of its bus stop signs would be moved or removed is not supported by the unambiguous language of the contract.
 {¶ 27} Based on the foregoing, this Court finds that SARTA did not fail to make any material disclosures to BSU regarding bus stop and bench sign locations. It follows that reasonable minds could come to but one conclusion, namely that BSU's fraud claim against SARTA must fail. The trial court did not err when it granted summary judgment for SARTA on BSU's fraud claim. BSU's second assignment of error is without merit.
 III {¶ 28} BSU's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Concurs.
Carr, P.J. Dissents with no opinion.
[1] The benches with BSU advertisements on them are commonly referred to as "bench signs."
[2] Although the counterclaims are still pending, the trial court's decision granting summary judgment is a final, appealable order because it resolves one complete cause of action. See Civ.R. 54(B).
[3] The record does not reveal that a criminal complaint was ever filed.
[4] We do feel compelled to point out that if BSU felt that SARTA was in breach of any provision of its contract with BSU, BSU's proper remedy was to file suit against SARTA, not the municipalities SARTA served and depended upon for its very survival.