DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant Robert M. Frazier appeals his felony conviction in the Medina County Court of Common Pleas. This Court dismisses for lack of jurisdiction.
 I. {¶ 2} Appellant is a registered sex offender subject to statutorily-prescribed address registration and verification. Appellant's sex offender status stems from an August 12, 2002, conviction in Cuyahoga County. On July 8, 2002, Appellant pled guilty to unlawful sexual contact with a minor, in violation of R.C. 2907.04. On August 12, 2002, the Cuyahoga County Court of Common Pleas entered judgment on the guilty plea, sentenced Appellant to six months in prison, designated him a sexually oriented offender, and ordered him to perform address registration and verification annually for ten years, per R.C.2950.03.
 {¶ 3} Appellant's registration and verification requirements have two distinct parts. One part requires that he register with the county sheriff at least annually, on the anniversary of his initial sex offender registration date. See R.C. 2950.06(B)(2). The other part requires that he notify the county sheriff prior to changing his address and that he register the new address with the sheriff's office immediately. See R.C. 2950.05(A) (B). For ease of discussion, the remainder of this opinion will refer to these two parts as "Annual Update" registration, meaning R.C.2950.06, and "Change of Address" registration," meaning R.C.2950.05.
 {¶ 4} Part one — Annual Update: Appellant's anniversary is November 20. In April 2003, Appellant moved to Medina County and registered with the Medina County Sheriff's Office. On April 14, 2003, Appellant signed an "Explanation of Duties to Register as a Sex Offender" form, which stated that Appellant's Annual Update was due November 20, 2003. A Sheriff's Office official also signed to certify the form and that she had explained it to Appellant. A similar form, dated November 25, 2003, documents Appellant's Annual Update for 2003, lists his address as "2750 Pearl Road," and records both parties' understanding that Appellant's next Annual Update was scheduled for November 20, 2004.
 {¶ 5} Part two — Change of Address: In March 2004, the Sheriff's Office received information that Appellant was not residing at his registered address, in apparent violation of his Change of Address obligation. An officer arrested Appellant on March 13, 2004, for the stated offense of "failure to register a new address," in violation of R.C. 2950.05(E)(2). At booking, Appellant gave his address as "19259 Earhart Rd.," which was not the address the Sheriff's Office had on record from Appellant's most recent registration (November 2003).
 {¶ 6} On April 1, 2004, the Medina County Grand Jury indicted Appellant for failure to comply with his Annual Update requirement, even though Appellant's Annual Update was not due until November. Appellant pled not guilty and the case proceeded to a bench trial, which was conducted on three separate days spanning several months: June 10, 2004, December 10, 2004, and February 18, 2005. Appellant moved for acquittal, pursuant to Crim.R. 29, at the close of the State's evidence on June 10, 2004, again at the close of the case on December 10, 2004, and when the court reconvened on February 18, 2005. The court denied each motion. In a March 10, 2005 journal entry, the court announced its verdict in which it found Appellant guilty of violating his Change of Address obligation, ordered a pre-sentence investigation, and scheduled a sentencing hearing. On June 10, 2005, the court journalized the sentencing entry, which declared that Appellant had been found guilty of an Annual Update violation, and then imposed sentence. Appellant timely appealed.
 II. {¶ 7} Our first order of business in this matter is to conduct a sua sponte review of our subject matter jurisdiction. The Ohio Constitution, Section 3(B)(2), Article IV, limits our appellate jurisdiction to the review of final judgments. We question the June 10, 2005 judgment, and find that it is not final and appealable.
 {¶ 8} The Medina County Grand Jury indicted Appellant, a convicted sex offender, for failing to register at his Annual Update, as required by R.C. 2950.06. The pertinent section of the indictment reads, in its entirety:
"[O]n or about the 11th day of March, in the year of Our Lord, Two Thousand and Four, within the County of Medina, [Appellant,] a sexually oriented offender who is required to notify the Sheriff of a change of address or new address under R.C.2950.05(E)(1) or (2) or to verify a current residence address pursuant to divisions (A) to (C) of Section 2950.06, and did recklessly fail to verify a current residence address in accordance with 2950.06 by the date required for the verification as set forth in division (B) of Section 2950.06, and was convicted of a felony sexually oriented offense, R.C. 2907.04
Unlawful Sexual Contact with a Minor, which was the basis of the registration, change of address notification, or address verification requirement, in violation of Section 2950.05(E)(1) or (2), 2950.06(B)(1)(F) and 2950.99 of the Ohio Revised Code, a felony of the fifth degree (F-5), contrary to the statute in such cases made and provided and against the peace and dignity of the State of Ohio."
For ease of reference, the indictment may be dissected into four distinct clauses:
[1.] Appellant's Obligation: "[Appellant is] a sexually oriented offender who is required to notify the Sheriff of a change of address or new address under R.C. 2950.05(E)(1) or (2) [Change of Address] or to verify a current residence address pursuant to divisions (A) to (C) of Section 2950.06 [Annual Update], and"
[2.] Appellant's Criminal Act: "[Appellant] did recklessly fail to verify a current residence address in accordance with 2950.06 by the date required for the verification as set forth in division (B) of Section 2950.06 [i.e., failed his Annual Update], and"
[3.] The Basis for Appellant's Obligation: "[Appellant] was convicted of a felony sexually oriented offense, R.C. 2907.04
Unlawful Sexual Contact with a Minor, which was the basis of the registration, change of address notification, or address verification requirement,"
[4.] The Statutory Consequences: "[Appellant's act resulted] in violation of [a.] Section 2950.05(E)(1) or (2), [b.] 2950.06(B)(1)(F) and [c.] 2950.99 of the Ohio Revised Code, a felony of the fifth degree (F-5), contrary to the statute in such cases made and provided and against the peace and dignity of the State of Ohio."
On April 21, 2004, the State filed a bill of particulars that was virtually identical to the indictment. Also, it should be noted that the indictment was never amended or supplemented to include a Change of Address charge, nor was the Annual Update charge (identified in clause [2.]) ever dismissed.
 {¶ 9} On March 10, 2005, the court journalized an entry announcing its verdict, which stated in its entirety:
"This matter came to be heard on the indictment charging the Defendant with violating R.C. 2950.05 (A) to (C) [i.e., Change of Address], a fifth degree felony. Based on the evidence offered the Court finds the Defendant guilty of the above offense and orders a pre-sentence investigation. Sentencing is set for April 29, 2005 at 8:30 am. Bond is continued until that time."
Referring back to clause [2.] of the indictment, a plain reading of these two entries demonstrates that the court found Appellant guilty of a charge (Change of Address) for which he had not been indicted. Similarly, the court failed to rule on the charge for which Appellant had been indicted (Annual Update). However, these inconsistencies are not germane to the present analysis, as no one is arguing that this March 10, 2005 order was final and appealable.
 {¶ 10} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Crim.R. 32(C). See, also, State v. Chamberlain (1964), 177 Ohio St. 104, 106, citing Berman v. United States (1937), 302 U.S. 211, 212,82 L.Ed. 204 ("To create finality it was necessary that petitioner's conviction should be followed by sentence * * *."). Thus, our concern is with the June 10, 2005 sentencing entry, and in particular, the recitation of conviction, which states:
"The defendant was found guilty of Sexually Oriented Offender Periodic Verification, in violation of R.C. SECTION 2950.05(E)(1) OR (2), 2950.06(B)(1)(F) and 2950.99, a felony of the fifth degree."
As with the indictment, this statement may be dissected into three distinct clauses for ease of reference:
[1.] "The defendant was found guilty" (Emphasis added.)
[2.] "of Sexually Oriented Offender Periodic Verification,"
[3.] "in violation of [a.] R.C. SECTION 2950.05(E)(1) OR (2),
[b.] 2950.06(B)(1)(F) and [c.] 2950.99, a felony of the fifth degree."
The court did not journalize any other entries regarding a finding of guilt, a verdict, or a conviction. Therefore, these two entries (March 10, 2005, and June 10, 2005) comprise the entire collection of judgments available for analysis.
 {¶ 11} In clause [1.] of the sentencing entry, the court used the past-tense phrase "was found guilty." Given its plain and ordinary meaning, this past-tense refers back to some prior finding. In this case, a plain reading of the term "Periodic Verification" in clause [2.] indicates that clause [1.] refers back to some prior finding of an Annual Update violation. It cannot be suggested that "Periodic Verification" actually refers to a Change of Address (the only other alternative). Of course, the catch is that there had been no prior finding of an Annual Update violation. The only prior finding had been the court's guilty verdict on the Change of Address violation. Thus, the court has not merely erred in its finding; it has omitted a necessary finding — it has omitted an order of conviction (verdict or finding) for the alleged Annual Update violation.
 {¶ 12} For purposes of this analysis, this omission has two consequences, both of which render this judgment not final and appealable. The first consequence is that the June 10, 2005 sentencing entry does not comply with Crim.R. 32(C): there is a sentence but no verdict or finding. This is the opposite but equivalent flaw as appears in the March 10, 2005 entry, in which there was a verdict but no sentence. Neither is a final order from which an appeal may be taken. The second consequence is more attenuated. By failing to render a verdict on the Annual Update violation, the court failed to render a verdict on the only charge alleged in the indictment (Annual Update). "Such an omission renders the judgment entry not final and appealable."State v. Deshich (Feb. 2, 2000), 9th Dist. No. 2952-M, *2. "[T]he failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory." Id.
 {¶ 13} We recognize the temptation to read this sentencing entry in such a way as to make it final and appealable; that is, to give it a reading such that the phrase "defendant was found guilty" actually means "this Court finds the defendant guilty," and in that way conclude that the court has indeed rendered the necessary verdict or findings on the Annual Update charge. But, upon further consideration, we must admit that such a reading would not be plain or ordinary; it would be strained, contorted, and incorrect. For example, a plain reading of the statement "glaciers covered North America" does not mean the same thing as "glaciers cover North America." "Defendant was found
guilty" — "this Court finds the defendant guilty." These are not the same thing. We hold it prudent to give words their plain and ordinary meaning, to respect verb tenses, and to resist any temptation to rewrite plain statements for the sake of convenience. Thus, based on a plain and ordinary meaning, the trial court omitted a necessary finding.
 {¶ 14} We might also be tempted to read clause [3.] of the sentencing entry so liberally as to presume that the court was actually announcing a finding of guilt on each of the referenced statutory citations: [a.] R.C. 2950.05(E)(1), [b.] R.C.2950.06(F), and [c.] R.C. 2950.99. However, we again conclude that such a reading lacks sincerity. The first citation, [a.] R.C. 2950.05(E)(1), merely orders compliance with R.C. 2950.05(A) — providing a finding that Appellant violated section (A) merely by first violating section (E). Such a roundabout way of finding an R.C. 2950.05(A) violation appears both unintentional and impractical. Moreover, even if this was the court's intent, such an approach should be discouraged rather than encouraged. The second citation, [b.] R.C. 2950.06(F), merely orders compliance with R.C. 2950.06(A). This seems a needlessly roundabout way of finding guilt. It is also strangely redundant when the clauses are reattached, as it results in a statement that says Appellant was found guilty of violating R.C. 2950.06(A), in violation of R.C. 2950.06(F), merely because (F) requires compliance with (A). The third citation, [c.] R.C. 2950.99, sets out the penalties. We fail to see, under any reading, how the court could reasonably have meant to pronounce Appellant guilty of violating this broad penalty statute. Of course, this recitation merely touches on the absurdity of such an unusual reading; it does not prevent it. Once again, however, we are assuaged by the more reasonable approach embodied in the concept of plain and ordinary meaning. From this perspective, clause [3.] of the sentencing entry is virtually identical to clause [4.] of the indictment, each of which is most reasonably read as listing the statutory consequences of Appellant's alleged failure to conform to the Annual Update requirement. Therefore, we do not read clause [3.] as a finding of guilt, and continue to conclude that the trial court omitted a necessary finding.
 {¶ 15} Finally, we are reassured in correctness of this decision by its adherence to this Court's approach to final and appealable order analysis as we apply it in civil cases. Ordinarily, this Court does not presume that a judgment is final based on the apparent intentions of the trial court, but instead demands that the entry contain the express language necessary to ensure finality and comply with the rules. See, e.g., Keller v. Keller, 9th Dist. No. 03CA0059, 2004-Ohio-2243, ¶ 3; David Moore Builders, Inc. v. Hudson Village JointVenture, 9th Dist. No. 21702, 2004-Ohio-1592, ¶ 8; Bench SignsUnlimited v. Stark Area Regional Transit Auth., 9th Dist. No. 21574, 2003-Ohio-6324, ¶ 5. As the entry in this case fails to comply strictly with the requirements for a final and appealable order, and as we decline to apply a strained reading to it, we must conclude the June 10, 2005 judgment is not a final order from which an appeal may be taken. Accordingly, this Court lacks jurisdiction to hear the appeal in this case and this appeal must be dismissed.
 III. {¶ 16} This Court finds that the judgment entry from which Appellant has sought to appeal is not a final order. Therefore, Appellant's assignments of error are not addressed. This appeal from the Medina County Court of Common Pleas is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. concurs.