DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Bench Signs Unlimited ("BSU"), appeals from the judgment of the Summit County Court of Common Pleas which denied its motion to vacate. This Court affirms.
 I. {¶ 2} On January 18, 2000, appellant filed suit against appellee, Stark Area Regional Transit Authority ("SARTA") for fraud and breach of contract. SARTA counterclaimed, alleging breach of contract. On April 23, 2003, the trial court granted summary judgment in favor of SARTA and appellant appealed. This Court dismissed the appeal for lack of a final, appealable order. See Bench Signs Unlimited v. Stark Area RegionalTransit Authority ("Bench Signs I"), 9th Dist. No. 21574,2003-Ohio-6324. Upon the trial court modifying its entry to include Civ.R. 54(B) language, appellant again appealed. This Court affirmed the trial court's judgment, finding that SARTA had not breached the contract and that Appellant had breached the contract. See Bench Signs Unlimitedv. Stark Area Regional Transit Authority ("Bench Signs II"), 9th Dist. No. 21864, 2004-Ohio4199.
 {¶ 3} Subsequent to our decision and during the course of other related litigation, appellant came into possession of a letter from 1999 which indicated that SARTA was still representing that appellant was its agent. On October 20, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). SARTA responded in opposition to the motion, and the trial court denied the motion on April 27, 2006. In its order, the trial court found that appellant suffered no prejudice from the failure to produce the letter during discovery. Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 4} In its sole assignment of error, appellant argues that the trial court erred in denying its Civ.R. 60(B) motion to vacate. Specifically, appellant asserts that it presented evidence that appellee committed fraud on the court which warrants vacating the trial court's earlier judgment. This Court disagrees.
 {¶ 5} Civ.R. 60(B) states, in relevant part,
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 6} To succeed on a motion under Civ.R. 60(B) a party must demonstrate the following: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If the moving party fails to prove any of these three elements, then the trial court must deny the motion, otherwise it is an abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20; Technical Servs. Co. v. Trinitech Internatl., Inc., 9th Dist. No. 21648, 2004-Ohio-965, at ¶ 11, citing Mitchell v. Mill Creek SparkleMarket, Inc. (June 29, 1999), 7th Dist. No. 97CA230.
Meritorious Claim or Defense
 {¶ 7} Upon review, this Court finds that appellant failed to allege a meritorious defense or claim. In its motion, appellant argued that the letter provided a meritorious defense because it produced a genuine issue of material fact regarding whether SARTA had terminated the parties' agreement. This Court disagrees.
 {¶ 8} Appellant's Civ.R. 60(B)(5) claim must fail as the evidence it purports was fraudulently withheld by SARTA was immaterial to the claims at issue. Both parties brought claims for breach of contract. Contrary to appellant's assertions, this Court did not rely upon a termination of the parties' agreement
 when it affirmed the trial court's grant of summary judgment. Rather, we held as follows: "In sum, we find that SARTA did not breach the contract with BSU when SARTA refused to aid BSU in its dealings with local municipalities. We also find that BSU's conduct of filing suit against the two municipalities serviced by SARTA constituted intentional conduct that was substantially detrimental to the interests of SARTA and in breach of paragraph nineteen of the contract. Based on these findings, this Court concludes that reasonable minds could come to but one conclusion, namely that BSU's breach of contract claim against SARTA must fail. As a result, the trial court did not err when it granted summary judgment for SARTA on BSU's breach of contract claim." Bench Signs II at ¶ 21.
Accordingly, whether or not SARTA cancelled the parties' contract in 1998 was irrelevant to a determination of whether either party had breached the agreement prior to that time.
 {¶ 9} Furthermore, appellant's assertions that this Court relied upon SARTA's statements that it viewed appellant's action as a breach of contract also lack merit. This Court reviewed the undisputed facts contained in the record and found as a matter of law that appellant had breached the contract. Whether or not SARTA viewed those actions as a breach was irrelevant to this Court's legal determination of that issue.
 {¶ 10} Simply stated, the subject matter of the letter relied upon by appellant to support its motion for relief from judgment has no bearing on the underlying judgment. The content of the letter neither supports appellant's claim for breach of contract nor disputes the facts which supported SARTA's claim for breach of contract. Whether or not the parties ever terminated their agreement has no bearing on whether or not a breach of that contract, at an earlier time, had occurred. Accordingly, appellant cannot meet the first prong of the GTE test as it failed to demonstrate a meritorious claim or defense. The trial court, therefore, did not abuse its discretion in denying the motion. Appellant's sole assignment of error is overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P. J. BOYLE, J. CONCUR