DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, has appealed from the judgment of the Summit County Court of Common Pleas which denied its motion for reconsideration. This Court reverses.
 I {¶ 2} Defendant-Appellee Sammy Carey Ford entered a plea of guilty to three charges on May 9, 2006. Appellee pled guilty to felonious assault, domestic violence, and violating a protective order. On May 10, 2006, Appellee was sentenced to one year in prison on the count of domestic violence and six months in jail for violating the protective order. The trial court, however, refused to sentence Appellee on his conviction for felonious assault. On May 18, 2006, the State moved the trial court to reconsider its decision to hold Appellee's sentence for felonious assault in abeyance. On May 19, 2006, the trial court denied the State's motion for reconsideration. The State timely moved for leave to appeal from that order. On July 17, 2006, this Court granted the State leave to appeal. In its brief, the State has raised one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW BY ACCEPTING A PLEA OF GUILTY TO THE OFFENSE OF FELONIOUS ASSAULT AND THEREAFTER REFUSING TO IMPOSE A SENTENCE FOR THAT OFFENSE."
 {¶ 3} In its sole assignment of error, the State has asserted that the trial court erred in denying its motion for reconsideration. Specifically, the State has argued that the trial court is obligated to impose a sentence on each of Appellee's convictions. We agree.
 {¶ 4} Initially, this Court notes the procedural stance of this matter. Appellee was sentenced on May 10, 2006. The State filed its notice of appeal on June 13, 2006, beyond thirty days from the date of Appellee's sentence. Appellee, therefore, has argued that the State's appeal is untimely. Such an argument lacks merit.
 {¶ 5} "[T]he failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory." State v. Hayes (May 24, 2000), 9th Dist. No. 99CA007416, at *1. While motions for reconsideration are not expressly or impliedly allowed in the trial court after a final judgment, interlocutory orders are the proper subject of motions for reconsideration. State v.Ward, 4th Dist. No. 03CA2, 2003-Ohio-5650, at ¶ 11, citing Pitts v. OhioDept. of Transp. (1981), 67 Ohio St.2d 378, 379. As the trial court failed to sentence Appellee on each count, its order was interlocutory. Accordingly, the State was permitted to file a motion for reconsideration. In turn, R.C. 2945.67(A) allows the State to "appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case [.]" The State timely moved for leave to appeal the denial of its motion for reconsideration and pursuant to R.C. 2945.67(A) this Court granted the State's motion for leave to appeal. As such, we are not confronted with the analysis of a final, appealable order under R.C. 2505.02. Rather, we are governed by R.C. 2945.67 which gives this Court the discretion to grant the State leave to appeal any judgment which is not a final verdict. As the State's motion for reconsideration was properly before the trial court, the appeal was timely commenced.
 {¶ 6} The trial court has a mandatory duty "to deal with each and every charge prosecuted against a defendant." (Quotations omitted.)Hayes, supra, at *1. Furthermore, Crim. R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." (Emphasis added.) The failure of a trial court to deal with every charge causes its judgment to be substantively deficient under Crim. R. 32(C). Hayes, supra, at *1. While the trial court has the discretion to suspend a sentence, this Court can find no authority for the proposition that it has the discretion to refuse to impose sentence altogether. While programs exist to permit interventionin lieu of conviction, those programs substitute an alternative, generally treatment, in place of sentencing. In the instant matter, the trial court did not impose a substitute sentence; it refused to sentence Appellee in any manner. We have found no authority which would permit the trial court to enter a conviction and then refuse to sentence a defendant. Accordingly, the trial court erred in refusing to impose sentence on each of Appellee's convictions and erred in denying the State's motion to reconsider Appellee's sentence. The State's sole assignment of error, therefore, has merit.
 III {¶ 7} The State's sole assignment of error is sustained. The judgment of the trial court denying the State's motion for reconsideration is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
BETH WHITMORE
FOR THE COURT
BOYLE, J. CONCURS
MOORE, J.
CONCURS IN PART SAYING:
 {¶ 8} I concur in the judgment of the majority to reverse the trial court's decision. However, I write separately to stress that our decision to grant leave to appeal pursuant to R.C. 2945.67 was based upon the unique facts presented. Accordingly, our determination that the appeal is properly before this Court is limited to the specific facts herein.