DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Bench Signs Unlimited ("BSU") has appealed from the judgment of the Summit County Court of Common Pleas which awarded attorneys' fees to Defendant-Appellee Stark Area Regional Transit Authority ("SARTA"). This Court vacates the trial court's decision.
 I {¶ 2} On January 18, 2000, BSU filed suit against SARTA for fraud and breach of contract. SARTA counterclaimed, alleging breach of contract. On April 23, 2003, the trial court granted summary judgment in favor of SARTA and BSU timely appealed. This Court dismissed that appeal for lack of a final, appealable order. See Bench Signs Unlimited v. Stark AreaRegional Transit Authority ("Bench Signs I"), 9th Dist. No. 21574,2003-Ohio-6324. Upon the trial court modifying its entry to include Civ.R. 54(B) language, BSU again appealed. This Court affirmed the trial court's judgment, finding that SART A had not breached the contract and that BSU had breached the contract. See Bench Signs Unlimited v. StarkArea Regional Transit Authority ("Bench Signs II"), 9th Dist. No. 21864,2004-Ohio-4199.
 {¶ 3} Subsequent to our decision and during the course of other related litigation, BSU came into possession of a letter from 1999 which indicated that SARTA was still representing that BSU was its agent. On October 20, 2005, BSU filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). SARTA responded in opposition to the motion, and the trial court denied the motion. On December 13, 2006, this Court affirmed the trial court's decision. See Bench Signs Unlimited v. Stark AreaRegional Transit Authority ("Bench Signs III"), 9th Dist. No. 23204,2006-Ohio-6556.
 {¶ 4} On June 27, 2006, SARTA filed a motion in the trial court for an amended order of attorneys' fees. On July 13, 2006, during the pendency of Bench Signs III, the trial court awarded SARTA fees in the amount of $143,664.39. BSU has timely appealed the trial court's judgment, raising two assignments of error for review.
 Assignment of Error Number One "THE TRIAL COURT ERRED BY AWARDING ATTORNEY'S FEES TO APPELLEE WITHOUT HAVING SUBMITTED THE QUESTION OF ATTORNEY'S FEES TO A JURY."
 Assignment of Error Number Two "THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING UNREASONABLE ATTORNEY'S FEES AND COSTS."
 {¶ 5} In both its assignments of error, BSU has argued that the trial court erred in awarding attorneys' fees. This Court does not reach the merits of BSU's contentions as we find that the trial court lacked jurisdiction to enter its order.
 {¶ 6} "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." State ex rel. Neff v.Corrigan (1996), 75 Ohio St.3d 12, 15, citing Howard v. Catholic Soc.Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147. At the time the trial court issued its decision awarding SARTA fees, another appeal in this matter, Bench Signs III, was pending in this Court. SeeBench Signs III, supra. Accordingly, at that time, the trial court only had jurisdiction over matters to the extent that they were not inconsistent with this Court's ability to affirm, reverse, or modify the judgment in Bench Signs III.
 {¶ 7} In Bench Signs III, this Court reviewed the denial of BSU's motion to vacate the trial court's original grant of summary judgment. Id. at ¶ 4-10. In that matter, BSU asserted that the trial court's grant of summary judgment had to be reversed because SARTA had wrongfully withheld material evidence. As such, this Court's jurisdiction inBench Signs III included the ability to reverse the trial court's denial of the motion to vacate. This Court's reversal of that trial court decision would have vacated the trial court's grant of summary judgment. Both parties agree that the trial court's ability to award attorneys' fees resulted from the parties' contract which awarded fees to the "prevailing party." Further, both parties agree that absent the trial court's grant of summary judgment making SARTA the prevailing party, the trial court would have no authority to award attorneys' fees. As such, the trial court lacked jurisdiction to award attorneys' fees whileBench Signs III was before this Court, i.e., the trial court's award of attorney's fees was inconsistent with this Court's jurisdiction to vacate the original journal entry which made SARTA the prevailing party and thereby made SARTA entitled to reasonable attorneys' fees. Accordingly, the trial court's entry is void.
 III {¶ 8} We decline to address the merits of BSU's assignments of error. The trial court lacked jurisdiction to issue an award of attorneys' fees. Accordingly, the judgment of the Summit County Court of Common Pleas is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
MOORE, J., and BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)