{¶ 36} I would find that this Court lacks jurisdiction to hear the instant appeal because the trial court's journal entry is not a final, appealable order. Accordingly, I respectfully dissent from the majority's opinion.
 {¶ 37} This Court has repeatedly held that a conviction without the imposition of a sentence is not a final, appealable order. State v.Bennett (Apr. 24, 2002), 9th Dist. No. 01CA0040, at *1. Furthermore, where the trial court's order fails to impose sentence for each charge, that order is merely interlocutory. State v. Hayes (May 24, 2000), 9th Dist. No. 99CA007416.
 "Courts have interpreted [Crim.R. 32] as imposing `a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant,' and `[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)].' State v. Brooks (May 16, 1991), Cuyahoga App. No. 58548, unreported, citing State v. Brown (1989), 59 Ohio App.3d 1, 2. Therefore, the failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory." State v. Deshich (Feb. 2, 2000), 9th Dist. No. 2952-M, *2.
Moreover, we have recently reaffirmed this view in State v.Frazier, 9th Dist. No. 05CA0064-M, 2006-Ohio-3334, at ¶ 12 and State v. Ford, 9th Dist. No. 23269, 2006-Ohio-6961, at ¶ 5. To the extent that Bennett may be read to permit piecemeal appeals from individual convictions and sentencing, such a holding has been overruled sub silentio by Frazier and Ford. Furthermore, Bennett contains no discussion of whether the remaining charges which did include sentences may be addressed. Rather, it simply addresses those charges without discussing jurisdiction. Accordingly, I would find Frazier andFord controlling.
 {¶ 38} Appellant was convicted of two minor misdemeanors, possession of marijuana and reckless operation. Accordingly, the trial court was permitted to sentence Appellant as follows:
 "For an offense committed on or after the effective date of this amendment, a fine not exceeding one hundred fifty dollars, community service under division (C) of section 2929.27 of the Revised Code, or a financial sanction other than a fine under section 2929.28 of the Revised Code." R.C. 2901.02(G)(2).
Like this Court's discussion of felony sentencing in Ford, while the trial court has the discretion to suspend a sentence or fine for a minor misdemeanor, I "can find no authority for the proposition that it has the discretion to refuse to impose sentence altogether." Ford at ¶ 6. As such, while the trial court may suspend any fine, community service, or financial sanctions imposed for the minor misdemeanors, there is no authority to support a finding that it may simply refuse to impose sentence altogether.
 {¶ 39} Accordingly, the trial court failed to dispose of each of the prosecuted charges. As such, this Court lacks jurisdiction to hear the appeal and I would dismiss the appeal.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)