DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Jermaine Goodwin was indicted for and convicted of committing five felonies, one misdemeanor, and two minor misdemeanors. In its Journal Entry, the trial court imposed sentences for the felonies and the misdemeanor, but failed to impose sentences for the two minor misdemeanors. The issue, which this Court raises sua sponte, is whether the trial court's Journal Entry constitutes a final, appealable order on the charges for which the trial court imposed sentences or whether its failure to impose sentences for the two minor misdemeanors renders its Journal Entry non-final in regard to all the charges. Past opinions of this Court have provided conflicting answers to this question. This Court dismisses Mr. *Page 2 
Goodwin's attempted appeal because it has concluded that a trial court's failure to dispose of any of the charges brought against a defendant in a single case renders its judgment non-final in regard to all the charges.
 I. {¶ 2} A jury found Mr. Goodwin guilty of the five felony counts and the misdemeanor count, and the trial court found him guilty of the two minor misdemeanor counts. At the sentencing hearing, the court indicated that it was going to suspend any fines or court costs on the two minor misdemeanors:
 The Court, on Count Seven and Eight, is going to suspend any fines and/or court costs.
In its Journal Entry, however, while it imposed sentences for the felony and misdemeanor charges, it failed to impose sentences for the two minor misdemeanor charges:
 IT IS FURTHER ORDERED that no court costs or fines be imposed as to Counts 7 and 8 of the Indictment.
Section 2901.02(G)(2) of the Ohio Revised Code permits a trial court to impose sentence for a minor misdemeanor which includes a fine, community service, or a financial sanction. "While the trial court has the discretion to suspend a sentence, this Court can find no authority for the proposition that it has the discretion to refuse to impose sentence altogether." State v. Ford, 9th Dist. No. 23269, 2006-Ohio-6961, at ¶ 6. In this case, the trial court did not first impose and then suspend Mr. Goodwin's sentence on Counts 7 and 8 as it had indicated during the *Page 3 
 sentencing hearing. Rather, the trial court declined to impose any sentence on those Counts. Mr. Goodwin filed a notice of appeal. The parties submitted briefs, and oral argument was held.
 II. {¶ 3} In State v. Deshich, 9th Dist. No. 2952-M, 2000 WL 141023 (Feb. 2, 2000), a panel of this Court held that a Journal Entry that disposes of some of the charges against a defendant in a criminal case, but fails to dispose of all the charges against that defendant in that case, is deficient:
 Courts have interpreted [the requirements of Rule 32(C) of the Ohio Rules of Criminal Procedure] as imposing "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)]."
Id at *2 (quoting State v. Brooks, 8th Dist. No. 58548, 1991 WL 81473, at *1 (May 16, 1991)) (second, third, and fourth brackets added by the Court in Deshich). It concluded that such a deficient Journal Entry is not a final, appealable order. Id One week later, a different panel reached the same conclusion in City of Akron v. Smith, 9th Dist. No. 19517, 2000 WL 150771 (Feb. 9, 2000). And later that same year, inState v. Hayes, 9th Dist. No. 99CA007416, 2000 WL 670672 (May 24, 2000), a third panel concluded that the failure to dispose of two specifications against a defendant rendered the journal entry disposing of the three charges and two other specifications against him non-final. *Page 4 
 {¶ 4} Two years later, in State v. Bennett, 9th Dist. No. 01CA0040, 2002-Ohio-1959, a panel of this Court was again faced with a situation in which a trial court had failed to dispose of all the charges that had been brought against a defendant in a single case. This time, without citing Deshich, Smith, or Brooks, the Court, while "declining" to review the convictions on which the trial court had failed to sentence the defendant, proceeded to review his assignments of error to the extent they related to charges on which the trial court had sentenced him:
 [T]his court is without jurisdiction to consider any assignments of error regarding the sexual imposition convictions; therefore, this court will confine its review of the first assignment of error to [the defendant's] convictions for sexual battery.
Id. at n. 1.
 {¶ 5} In State v. Ford, 9th Dist. No. 23260, 2006-Ohio-6961, this Court faced the issue under discussion in a little different context. The trial court in Ford had specifically refused to sentence the defendant for one of three charges on which he had been convicted. The prosecutor moved the court to reconsider its refusal, but the court declined to do so. The prosecutor than sought leave to appeal, and this Court granted leave. The Court noted that, while the prosecutor had not sought leave to appeal within 30 days of the trial court's entering sentences on the two charges on which it did sentence the defendant, the prosecutor had sought leave within 30 days after the trial court's denial of the prosecutor's motion for reconsideration. Although a motion for reconsideration of a final judgment is a nullity, based on the fact that the trial court had refused to *Page 5 
sentence the defendant for one of the charges on which he had been convicted, this Court, in reliance upon State v. Hays, 9th Dist. No. 99CA007416, 2000 WL 670672 (May 24, 2000), and without citing State v.Bennett, 9th Dist. No. 01CA0040, 2002-Ohio-1959, held that the trial court's sentencing order had not been final and that, therefore, the prosecutor's motion for reconsideration had been proper:
 While motions for reconsideration are not expressly or impliedly allowed in the trial court after a final judgment, interlocutory orders are the proper subject of motions for reconsideration. . . . As the trial court failed to sentence Appellee on each count, its order was interlocutory. Accordingly, the State was permitted to file a motion for reconsideration. In turn, R.C. 2945.67(A) allows the State to "appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case[.]" The State timely moved for leave to appeal the denial of its motion for reconsideration and pursuant to R.C. 2945.67(A) this Court granted the State's motion for leave to appeal. As such, we are not confronted with the analysis of a final, appealable order under R.C. 2505.02. Rather, we are governed by R.C. 2945.67 which gives this Court the discretion to grant the State leave to appeal any judgment which is not a final verdict. As the State's motion for reconsideration was properly before the trial court, the appeal was timely commenced.
Ford, at ¶ 5 (bracket added by the Court in Ford).
 {¶ 6} Finally, in State v. Williams, 9th Dist. No. 23176,2007-Ohio-622, a panel of this Court that included a visiting judge, with one judge dissenting, determined that it had jurisdiction to consider a defendant's appeal on charges for which he had been sentenced, but was without jurisdiction to consider his appeal on charges for which he had not been sentenced: *Page 6 
 Appellant claims that the evidence is insufficient to support a conviction on the charges of possession of marijuana and reckless operation. Although the trial court found Appellant guilty on these charges, the court specifically declined to impose a fine on the basis of Appellant's indigency. "A conviction without the imposition of a sentence is not a final appealable order." . . . However, where a defendant has been found guilty of multiple charges and the court imposes sentences on some charges but declines to impose a sentence as to other charges, the order remains appealable as to those convictions on which sentencing was imposed. . . . Therefore, although we do not have jurisdiction to address any claims of error as to the charges of reckless operation and possession of marijuana, we will proceed to address Appellant's claims as to the charges on which he was sentenced.
Id. at ¶ 24 (quoting State v. Bennett, 9th Dist. No. 01CA0040, 2002-Ohio-1959, and citing State v. Saxon, 109 Ohio St. 3d 176,2006-Ohio-1245, at ¶¶ 6, 9, 10). The Court dismissed the defendant's appeal to the extent it related to the charges on which he had not been sentenced.
 {¶ 7} Other appellate districts in Ohio that have considered this question have concluded that a trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him. State v. Johnson, 4th Dist. No. 06CA3066, 2007-Ohio-1003; State v.Waters, 8th Dist. No. 85691, 2005-Ohio-5137; State v. Garner, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222; State v. Pace, 1st Dist. No. C-970546,1998 WL 293850 (June 5, 1998); see State v. Hamrick, 5th Dist. No. CA-3675, 1993 WL 218358 (June 2, 1993); but see State v. Kutscher, 5th Dist. No. 2002CA00205, 2003-Ohio-1696. This Court now returns to the view it first *Page 7 
expressed in State v. Deshich, 9th Dist. No. 2952-M, 2000 WL 141023
(Feb. 2, 2000).
 III. {¶ 8} Article IV, Section 3(B)(2), of the Ohio Constitution provides that courts of appeals "shall have such jurisdiction as may be provided by law" to review "judgments or final orders." Section 2953.02 of the Ohio Revised Code provides jurisdiction to courts of appeals to review "the judgment or final order of a court of record inferior to the court of appeals" in all criminal cases except certain capital cases. The definition of "final order," as that term is used in Section 2953.02, is found in Section 2505.02(B) of the Ohio Revised Code. See State v.Roberts, 106 Ohio App. 30 (1957). Subpart (1) of Section 2505.02(B) appears to be the only part of that definition that is relevant to the issue in this case. That subpart provides that an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment" is a "final order."
 {¶ 9} The word "action," as it is used in Section 2505.02(B)(1), is not defined in that statute. Accordingly, it is to be given the meaning it is accorded in common, everyday usage:
 A legislative body need not define every word it uses in an enactment. . . . Moreover, any term left undefined by statute is to be accorded its common, everyday meaning. . . . "Words in common use will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them." *Page 8 
 State v. Dorso, 4 Ohio St. 3d 60, 62 (1983) (quoting Eastman v.State, 131 Ohio St. 1, paragraph 5 of the syllabus (1936)) (citation omitted).
 {¶ 10} The word "action," when it is used in connection with a legal proceeding, refers to the entire legal proceeding, regardless of how many individual claims are included in that legal proceeding. Its definition in Black's is:
 Term in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person or another in such court, including an adjudication upon the right and its enforcement or denial by the court.
Black's Law Dictionary 26 (5th ed. 1979) (citation omitted). The relevant definition in Webster's New World Dictionary is:
 a legal proceeding by which one seeks to have a wrong put right; a lawsuit. . .
Webster's New World Dictionary 13 (3d College Ed. 1988). It would seem, therefore, that Section 2505.02(B)(1)'s requirement that a "final order" be an order "that in effect determines the action" means that a Journal Entry is not a final appealable order unless it disposes of all charges against a defendant in the case.
 {¶ 11} As noted by this Court in Wilcox v. Nick's L.A. Prod., 9th Dist. No. 15064, 1991 WL 168593 (Aug. 28, 1991), the Ohio Constitution limits appeals to final orders "as a means of preventing piecemeal litigation, avoiding delay, and *Page 9 
promoting judicial economy." Id. at *1 (citing State v. Torco TermitePest Control, 27 Ohio App. 3d 233, 234 (1985)). Allowing, or indeed requiring, a criminal defendant who wishes to appeal to appeal on some charges before all charges against him or her in a case have been disposed of would potentially result in multiple appeals from the same case, each appeal addressing less than all the issues. Among other things, such a procedure would unnecessarily generate law of the case issues.
 {¶ 12} In State v. Williams, 9th Dist. No. 23176, 2007-Ohio-622, in addition to relying on this Court's decision in State v. Bennett, 9th Dist. No. 01CA0040, 2002-Ohio-1959, the majority cited the Ohio Supreme Court's opinion in State v. Saxon, 109 Ohio St. 3d 176, 2006-Ohio-1245. In Saxon, the Supreme Court rejected the "sentencing package" doctrine, pursuant to which a court considers the sanctions imposed on a defendant for multiple offenses prosecuted together as components of a "single, comprehensive sentencing plan." Saxon at ¶ 5. It held that "a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense."Id. at ¶ 9. It did not consider the question presented by this case: whether a trial court's failure to dispose of any of the charges against a defendant in a single case renders its judgment non-final in regard to all the charges. The Supreme Court's determination that each charge must be considered separately for purposes of imposing sentence does not mean that the defendant's conviction on *Page 10 
each charge becomes appealable immediately upon imposition of sentence on that particular charge, requiring the defendant to file separate appeals from each conviction.
 {¶ 13} This Court concludes that requiring all charges against a defendant in a single case to be disposed of before the trial court's judgment on any charge is final is what the legislature intended in adopting Section 2505.02(B)(2) of the Ohio Revised Code and furthers the purpose underlying Article IV, Section 3(B)(2), of the Ohio Constitution. Further, to the extent possible, this Court needs to be consistent for the guidance of trial courts and future litigants. With the issuance of this opinion, four of the five current members of this Court, in their most recent considerations of the issue presented in this case, have concluded that a Journal Entry must dispose of all charges brought in a single case against a defendant in order to be final. See State v. Ford, 9th Dist. No. 23269, 2006-Ohio-6961 (Moore, J. on panel); State v. Hoelscher, 9th Dist. No 05CA0085-M, 2006-Ohio-3531
(Slaby, J. on panel).
 {¶ 14} Accordingly, this appeal must be dismissed because the trial court's Journal Entry from which defendant has attempted to appeal is not a final appealable order, and, therefore, this Court is without subject matter jurisdiction. To the extent that the opinions inState v. Williams, 9th Dist. No. 23176, 2007-Ohio-622 and State v.Bennett, 9th Dist. No. 01CA0040, 2002-Ohio-1959, are inconsistent with this result, they are overruled. *Page 11 
 IV. {¶ 15} The trial court's Journal Entry in this case did not constitute a final, appealable order. Accordingly, this appeal is dismissed for lack of subject matter jurisdiction. This Court encourages the trial court to sentence Mr. Goodwin on the minor misdemeanor convictions as soon as possible. Of course, nothing in this opinion will prevent the trial court from suspending those sentences once they are imposed. SeeState v. Ford, 9th Dist. No. 23269, 2006-Ohio-6961, at ¶ 6. After the trial court sentences Mr. Goodwin and enters a new Journal Entry, if defendant desires to appeal, Mr. Goodwin must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case, and, if they do so, this Court will consider that appeal in an expedited manner. See State v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, n. 4.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 12 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to appellant.
CLAIR E. DICKINSON FOR THE COURT
WHITMORE, P. J. CONCURS