{¶ 19} I concur with the majority's finding that this Court lacks subject matter jurisdiction to address appellant's first assignment of error, because the trial court did not enter any finding of guilt after appellant entered his no contest plea.
 {¶ 20} I respectfully dissent, however, as to the majority's finding that we have jurisdiction to consider appellant's second assignment of error that the trial court incorrectly classified him as a sexual predator. Under the circumstances of this case, I would find that this Court lacks subject matter jurisdiction to consider appellant's second assignment of error.
 {¶ 21} The concurring opinion correctly states that R.C. 2950.09 does not require that a defendant be sentenced prior to holding a hearing to determine whether an offender is a sexual predator. Specifically, R.C.2950.09(A) provides for automatic classification as a sexual predator under certain circumstances where the offender has also either been convicted of or pleads guilty to committing a sexually oriented offense. In this case, appellant pled no contest, rather than guilty. Furthermore, because the trial court failed to enter a finding of guilt after appellant's no contest plea, appellant has not yet technically been convicted of the offenses.
 {¶ 22} R.C. 2950.09(B)(1)(a) mandates that the "judge who is to impose sentence on a person who is convicted of or pleads guilty to a sexually oriented offense * * * shall conduct a hearing to determine whether the offender is a sexual *Page 12 
predator * * *." In this case, the trial judge could not have imposed sentence on appellant, because he had not yet been convicted absent a finding of guilt after his no contest plea. The statute is clear that, while sentencing itself shall follow the sexual offender classification hearing, a conviction on a sexually oriented offense is a prerequisite to the determination of sexual predator status. Accordingly, the matter was not ripe for hearing and determination that appellant is a sexual predator.
 {¶ 23} I am further troubled by the majority's determination that this Court has jurisdiction to review a sexual predator classification without an underlying conviction, because a significant number of the relevant factors that the trial court is directed to consider in its determination are directly related to facts arising out of the offender's conviction. Specifically, R.C. 2950.09(B)(3) directs the trial court to consider the age of the victim of the sexually oriented offense for which sentence is to be imposed; whether the sexually oriented offense for which sentence is to be imposed involved multiplevictims; whether the offender used drugs or alcohol to impair thevictim of the sexually oriented offense or to prevent thevictim from resisting; the nature of the offender's sexual contact, or interaction in a sexual context with the victim of the sexually orientedoffense and whether the sexual conduct, contact, or interaction was part of a demonstrated pattern of abuse; and whether the offender, during the commission of the sexually oriented offense for which sentence is to beimposed, displayed cruelty or made threats of cruelty. *Page 13 
R.C. 2950.09(B)(3)(c), (d), (e), (h) and (i). Without an underlying conviction, there can be no established victim and no sexually oriented offense for which sentence could be imposed. It is axiomatic that, without the facts which give rise to the underlying conviction, the facts necessary for a subsequent determination whether an offender may be classified as a sexual predator have not been established.
 {¶ 24} Finally, I am concerned about the practical impact of the decision to address a challenge to a sexual predator determination in the absence of a final, appealable order of conviction. This Court recently held that we do not have jurisdiction to address piecemeal appeals of criminal convictions. In State v. Goodwin, 9th Dist. No. 23337, 2007-Ohio-2343, we stated:
 "Allowing, or indeed requiring, a criminal defendant who wishes to appeal to appeal on some charges before all charges against him or her in a case have been disposed of would potentially result in multiple appeals from the same case, each appeal addressing less than all the issues. Among other things, such a procedure would unnecessarily generate law of the case issues.
 "* * *
 "This Court concludes that requiring all charges against a defendant in a single case to be disposed of before the trial court's judgment on any charge is final is what the legislature intended in adopting Section 2505.02(B)(2) of the Ohio Revised Code and furthers the purpose underlying Article IV, Section 3(B)(2), of the Ohio Constitution. Further, to the extent possible, this Court needs to be consistent for the guidance of trial courts and future litigants." Id. at ¶¶ 11 and 13. *Page 14 
 {¶ 25} In Goodwin, in recognizing the requirement in R.C.2505.02(B)(1) that a "final order" be an order "that in effect determines the action," this Court found that the word "action," when used in connection with a legal proceeding, "refers to the entire legal proceeding, regardless of how many individual claims are included in that legal proceeding." Id. at ¶ 10.
 {¶ 26} Although I dissented in Goodwin, I did so upon reasoning that each conviction and sentence is independent from all others, irrespective of whether multiple charges have been disposed in a single case. In this case, a sexual predator classification cannot by its nature be independent of the underlying conviction of a sexually oriented offense. The sexual predator determination is a proceeding necessary to the complete disposition of the underlying criminal action. Accordingly, I find that this Court is bound by stare decisis and is precluded from reviewing on appeal appellant's sexual predator classification in the absence of a final, appealable order of conviction.
 {¶ 27} The majority has not addressed the contingency, where we uphold the trial court's determination that the offender is a sexual predator, yet reverse his conviction of the sexually oriented offense(s) in a later appeal. Under those circumstances, will a defendant be permitted to file a second appeal regarding his sexual predator adjudication? Would a defendant have the sophistication and knowledge to file a motion to vacate the sexual predator adjudication pursuant to Civ.R. 60(B)? Would an indigent defendant have any meaningful ability to appeal *Page 15 
the collateral disability which is not supported by any legal basis? For the reasons set forth above, I respectfully dissent from the majority's finding that this Court has jurisdiction to consider appellant's second assignment of error regarding the propriety of his classification as a sexual predator. *Page 1