{¶ 14} I respectfully disagree with the majority's conclusion that this Court lacks jurisdiction to hear this appeal. I, therefore, respectfully dissent from the dismissal of the instant matter.
 {¶ 15} As I wrote in my dissent in State v. Goodwin, 9th Dist. No. 23337, 2007-Ohio-2343, I believe that this Court has the authority to hear the appeal despite the trial court's failure to dispose of every charge.
{¶ l6} This Court has repeatedly held that in order for us to have jurisdiction over a criminal appeal, the entry must satisfy R.C. 2505.02
and Crim.R. 32(C). See, e.g., State v. Miller, 9th Dist. No. 06CA0046-M,2007-Ohio-1353. Initially, I note that Crim.R. 32(C) provides that "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." The journal entry appealed from complied with Crim.R. 32(C) as to both felony counts. The majority, however, asserts that the judgment entry fails to comply with Crim.R. 32(C) because it fails to set forth a finding of guilt and the entry of sentence as to the third count in the indictment, the minor misdemeanor. As I wrote in my dissent in Goodwin, I believe that the majority erroneously makes the ability of *Page 8 
this Court to review a sentence, deemed independent by the Ohio Supreme Court in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245 (rejecting the "sentencing package" doctrine), dependent on other sentences issued by the trial court. Goodwin at ¶ 22.
 {¶ 17} I further reiterate that my interpretation of R.C. 2505.02 is consistent with this Court's precedent that the statute and Crim.R. 32(C) work in conjunction with one another. As Crim.R. 32(C) discusses a plea, and a verdict, and a sentence — each in the singular — I believe an analogous approach under R.C. 2505.02 is appropriate.
 {¶ 18} Accordingly, I would decide this appeal as to the felony counts on its merits.
 *Page 1