DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Michael Golightley was charged with four traffic law violations. The trial court denied Mr. Golightley's motions to dismiss the complaint or sever the charges. He pleaded no contest to operating a motor vehicle under the influence of alcohol and appealed the trial court's denial of his motion to sever. This Court dismisses Mr. Golightley's attempted appeal because it is not taken from a final order.
 FINAL APPEALABLE ORDER {¶ 2} Article IV, Section 3(B)(2), of the Ohio Constitution provides that courts of appeals "shall have such jurisdiction as may be provided by law" to review "judgments or final orders." This Court has concluded that "a Journal Entry must dispose of all charges brought in a single case against a defendant in order to be final." State v. Goodwin, 9th Dist. No. 23337, 2007-Ohio-2343, ¶ 13. See, also, State v. Deshich, 9th Dist. No. 2952-M, 2000 WL 141023 (Feb. *Page 2 
2, 2000) ("[T]he failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory."). The trial court's Journal Entry fails to dispose of all of the charges against Mr. Golightley; thus, this Court must dismiss the appeal.
 {¶ 3} Mr. Golightley was charged with four counts in one complaint. The trial court's Journal Entry reflects that he pleaded no contest to one of those counts. The Journal Entry contains no reference to the other three counts, and, therefore, the judgment entry is not a final appealable order. Accordingly, this appeal must be dismissed because the trial court's Journal Entry from which Mr. Golightley has attempted to appeal is not a final appealable order, and, therefore, this Court lacks subject matter jurisdiction.
 CONCLUSION {¶ 4} The trial court's Journal Entry in this case is not a final, appealable order. This appeal is dismissed for lack of subject matter jurisdiction. This Court encourages the trial court to enter a complying Journal Entry as soon as possible. After the trial court enters a new Journal Entry, if Mr. Golightley desires to appeal, he must file a new notice of appeal. He may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same brief he already filed. The City of Medina failed to file a brief in this appeal, but may do so in a refiled appeal and is encouraged to do so. If Mr. Golightley chooses to appeal and proceed in this manner, this Court will consider the new appeal in an expedited manner. SeeGoodwin at ¶ 15.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 3 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1