[Cite as *State v. Johnson*, 2015-Ohio-3370.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA3660 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| TRACY L. JOHNSON, | : | |
| Defendant-Appellant. | : | RELEASED 08/19/2015 |

<u>APPEARANCES</u>:

W. Jeffrey Moore, Columbus, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Julie Cooke Hutchinson, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Hoover, P.J.

{¶1} Appellant Tracy Johnson was indicted by the Scioto County Grand Jury with trafficking in marijuana, possession of marijuana, conspiracy to trafficking in marijuana, and tampering with evidence. At the arraignment, Johnson entered a plea of not guilty to the charges. Johnson subsequently changed his plea to no contest to the charges of trafficking in drugs and tampering with evidence. The trial court found Johnson guilty of the two charges and convicted him. The trial court sentenced Johnson to prison terms of two years on each count to run concurrent to one another. The record contains no disposition of the remaining charges.

{¶2} On appeal, Johnson raises three assignments of error challenging the trial court's denial of his motion to dismiss the criminal charges based on the state's failure to comply with the Interstate Agreement on Detainers, which is codified in Ohio in R.C. 2963.30. However, because the trial court failed to dispose of the possession of marijuana and conspiracy to trafficking in marijuana charges and because no journal entry appears in the record resolving all

of the charges against Johnson, no final appealable order exists. Consequently, we lack jurisdiction to address the merits of his appeal; and we must dismiss it.

I. FACTS

{¶3}    In June 2008, the Scioto County Grand Jury returned an indictment charging Johnson with four counts: (1) trafficking in marijuana, a felony of the third degree; (2) possession of marijuana, a felony of the third degree; (3) conspiracy to trafficking in marijuana, a felony of the fourth degree; and (4) tampering with evidence, a felony of the third degree. Johnson retained counsel and entered a plea of not guilty to the charges. In November 2008, Johnson filed three motions to suppress certain evidence. The trial court scheduled hearings on the motions for January 2009. When Johnson failed to appear, the trial court issued a bench warrant for Johnson's arrest.

{¶4}    In February 2011, Scioto County authorities were informed that Johnson was incarcerated in Pennsylvania; and the state proceeded to request temporary custody of Johnson under Article IV(A) of the Interstate Agreement on Detainers. ("IAD") The state ultimately decided, however, to wait until Johnson was released on parole from the Pennsylvania prison in which he was confined to proceed on the bench warrant and seek his extradition. On either April 15 or 25, 2011, Johnson was released on parole from the Pennsylvania prison and was arrested pursuant to the bench warrant issued by the trial court in 2009. On April 29, 2011, Johnson waived extradition to Ohio to answer the pending charges; and a Pennsylvania court ordered the extradition. Earlier that month, Johnson's counsel refiled his three motions to suppress. Johnson was returned to Ohio around May 10, 2011; and he was released on bond on June 3, 2011. At that time, Johnson returned to Pennsylvania to serve a portion of his parole in a community education center providing reentry services to parolees.

{¶5}    In September 2011, Johnson withdrew his motions to suppress. Two months later, Johnson filed a motion to dismiss based on the claim that the state had violated various provisions of the IAD. The state filed a response; and Johnson filed a reply.  The parties attached exhibits to their filings regarding the motion to dismiss. After the trial court denied the motion, Johnson entered a plea of no contest to the charges of trafficking in drugs and tampering with evidence. Johnson appealed the trial court's denial of the motion to dismiss; however, this Court dismissed Johnson's appeal because the trial court's entry denying his motion to dismiss was not a final, appealable order. *See State v. Johnson*, 4th Dist. Scioto No. 12CA3478.

{¶6}    In September 2014, the trial court convicted Johnson of trafficking in drugs and tampering with evidence and sentenced him to an aggregate two-year prison term. The trial court's judgment entry contained no disposition of Johnson's other charges—possession of marijuana and conspiracy to trafficking in marijuana—and no other journal entry in the record indicates any resolution of these charges.  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶7}    Johnson assigns the following errors for our review:

1. The trial court erred in failing to find the State of Ohio violated Article III section (C) of the Interstate Agreement on Detainers.

2. The trial court erred in failing to find the State of Ohio violated Article IV section (E) of the Interstate Agreement on Detainers when it allowed the Appellant to return to the sending state before trial was held in Ohio.

3. The trial court erred by failing to bring Mr. Johnson to trial within 120 days of his presence in Ohio in violation of Article IV of the Interstate Agreement on Detainers.

## III. LAW AND ANALYSIS

{¶8}    "The Ohio Constitution grants courts of appeals jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.' " *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-

1480, 31 N.E.3d 633, ¶ 8, quoting Ohio Constitution, Article IV, Section 3(B)(2). The General Assembly has enacted R.C. 2505.02 to specify which orders are final. *Id.*

{¶9}    To constitute a final, appealable order under R.C. 2505.02, a judgment of conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. The Supreme Court of Ohio has also held that a final, appealable order in a criminal case involving a defendant initially charged with several counts does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissal, nolled counts, or not guilty findings. *See State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3, and cases cited therein.

{¶10}   Nevertheless, " 'unless the charges that are not the basis of the conviction have been properly terminated by a journal entry, they remain technically unresolved. This "hanging charge" prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case.' " *State v. Brewer*, 4th Dist. Meigs No. 12CA9, 2013-Ohio-5118, ¶ 6, quoting *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 6; *State v. Pruitt*, 8th Dist. Cuyahoga No. 96852, 2012-Ohio-1535, ¶ 5, quoting *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 7 (" 'a trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him' "); *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012-Ohio-413, ¶ 6 ("when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely

interlocutory"); *see generally* Painter and Pollis, *Ohio Appellate Practice*, Section 2:10 (2014) ("where a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal").

{¶11} The entry appealed from by Johnson did not include a disposition of the second and third counts of his indictment, which charged him with possession of marijuana and conspiracy to trafficking in marijuana. The record does not include any separate journal entry disposing of these charges. Therefore, the entry does not constitute a final, appealable order. We lack jurisdiction to address the merits of Johnson's appeal and must dismiss it.

IV. CONCLUSION

{¶12}    Because we lack jurisdiction to address the merits of this appeal, we dismiss it.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds that reasonable grounds exist for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and McFarland, A.J.: Concur in Judgment and Opinion.

For the Court

By: _____

Marie Hoover
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**