[Cite as *State v. Pippin*, 2016-Ohio-312.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150061 |
| | | TRIAL NO. B-1300383 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| | : | |
| TONY PIPPIN, | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: January 29, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ravert J. Clark*, for Defendant-Appellant.


**Please note:  this case has been removed from the accelerated calendar.**

**DEWINE, Judge.**

{¶1} This is an appeal that we must dismiss because we lack jurisdiction. Tony Pippin appeals from an entry of the trial court convicting him of two counts of rape and four counts of pandering sexually oriented matter involving a minor. Importantly, however, the trial court neglected to dispose of four other charges against Mr. Pippin. A long line of authority tells us that a trial court's entry is not a "final order" where the court fails to dispose of all the charges in an action against a criminal defendant. As a consequence, we lack jurisdiction and must dismiss the appeal.

{¶2} The state originally indicted Mr. Pippin on 21 counts including multiple sex crimes involving several victims, as well as other crimes. The trial court severed ten charges relating to one of the victims, M.B., Counts 11-20. After the trial court denied a motion to suppress video evidence, Mr. Pippin pleaded no contest to all ten charges. The trial court accepted Mr. Pippin's pleas and found him guilty of all ten charges.

{¶3} At the sentencing hearing, the prosecutor and defense counsel stipulated that Counts 12, 13, 15, and 16—alleging unlawful sexual conduct with a minor and sexual battery—"should be merged into two counts of rape and four counts of pandering." But the trial court did not dispose of Counts 12, 13, 15, and 16 by merger or otherwise at the sentencing hearing, and, as a consequence, the judgment entry from which Mr. Pippin appeals is silent on those counts.

{¶4} The Ohio Constitution limits our jurisdiction to the review of final orders. Ohio Constitution, Article IV, Section 3(B)(2). We look to R.C. 2505.02 for the definition of a final order. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330,

893 N.E.2d 163, ¶ 6. Further, the trial court must comply with Crim.R. 32(C) to enter a final order in a criminal case. *Id.* at ¶ 10; *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶5}    An order in a criminal case is not final where the court fails to dispose of all the charges that are brought against a criminal defendant in an action. *See State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, ___ Ohio St.3d ___, 2015-Ohio-5343, ___N.E.3d___, ¶ 4, 9-10 (plurality opinion). *See also* Painter & Pollis, *Ohio Appellate Practice*, Section 2:10 (2015-2016 Ed.). In concluding that an order is not final if it does not dispose of all charges, Ohio courts have looked to R.C. 2505.02 and Crim.R. 32(C).[1]

{¶6}    The relevant provision of Ohio's final order statute is 2505.02(B)(1). That subsection provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." A " 'hanging charge' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e. resolve the case." *State v. Johnson*, 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370. The word "action," the Ninth District has explained, "refers to the entire legal proceeding, regardless of how many claims are included in that proceeding." *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343.

{¶7}    Ohio courts have also looked to Crim.R. 32(C). The rule requires that "if the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly." *Id.* A number of courts, including this one, have held that a court fails to comply with its mandatory duty

---

[1] Formerly Crim.R. 32(B).

under Crim.R. 32(C) when it leaves a charge unresolved, and that because of this failure such a judgment is not a final order. *See, e.g., State v. Brown*, 59 Ohio App.3d 1, 569 N.E.2d 1068 (8th Dist.1989); *State v. Geisler*, 4th Dist. Athens No. 07CA35, 2008-Ohio-4836; *State v. Garner*, 11th Dist. Trumbull No. 2002-T-0025, 2003-Ohio-5222; *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012-Ohio-413; *State v. Pace*, 1st Dist. Hamilton No. C-970546, 1998 Ohio App. LEXIS 2445 (June 5, 1998); *State v. Waire*, 1st Dist. Hamilton No. C-980005, 1999 Ohio App. LEXIS 55 (Jan. 15, 1999). This result is consistent with the Ohio Supreme Court's statements in *Baker* and *Lester* that compliance with Crim.R. 32(C) is necessary for a judgment of conviction to be a final order.

{¶8} In this case, the record reveals that the trial court found Mr. Pippin guilty of all ten charges of the severed indictment, but failed to dispose of four of those charges. Because the trial court did not dispose of all the charges in the action, the order was not final. Without a final order, we are without jurisdiction. Therefore, we dismiss the appeal.

*Appeal dismissed.*

HENDON, P.J., and CUNNINGHAM, J., concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.

4