[Cite as *State v. Lykins*, 2016-Ohio-8409.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA1021 |
| vs. | : | |
| STEPHEN D. LYKINS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant State Public Defender, Columbus, Ohio, for appellant.

David Kelley, Adams County Prosecuting Attorney, Ironton, Ohio, for appellee.

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-9-16

ABELE, J.

{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. The court found Stephen D. Lykins, defendant below and appellant herein, guilty of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2). Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN IMPOSING A $1,000.00 FINE
UPON MR. LYKINS."

SECOND ASSIGNMENT OF ERROR:

"MR. LYKINS WAS ASSESSED COSTS THAT WERE NOT AUTHORIZED BY STATUTE."

THIRD ASSIGNMENT OF ERROR:

"THE CLERK OF COURTS ISSUED IMPROPERLY, AND WITHOUT AUTHORITY, AN EXECUTION AGAINST MR. LYKINS'S PROPERTY FOR BOTH FINES AND THE COSTS OF PROSECUTION."

{¶ 2}   On July 23, 2015, an Adams County grand jury returned an indictment that charged appellant with three counts of pandering obscenity involving a minor, in violation of R.C. 2907.32(A)(2).   Appellant entered not guilty pleas.   The state later amended the indictment to charge violations of R.C. 2907.321(A)(2).

{¶ 3}   Appellant subsequently agreed to plead guilty to the first count of pandering obscenity involving a minor.   At the change of plea hearing, the trial court asked the state whether the second and third counts "would be dismissed due to the potential merger."   The state responded: "No, your honor, I thing they just merged [sic].   They just go away."   Appellant's counsel agreed.

{¶ 4}   The court then found appellant guilty of the first count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2), a second-degree felony.   The court additionally merged counts two and three with count one: "Counts II and III of the indictment are hereby merged into Count I pursuant to [R.C.] 2941.25(A)."

{¶ 5}   On March 2, 2016, the trial court (1) sentenced appellant to serve six years in prison, (2) classified appellant a tier II sex offender/child victim offender registrant, (3) ordered appellant "to pay a $1,000.00 fine currently in [appellant]'s bank account," and (4) to "pay all costs of the prosecution of this action for which execution is awarded, and any fees permitted pursuant to

[R.C] 2929.18(A)(4)."    The court also "specifically [found] in the imposition of financial sanctions that [appellant] has the past, present and future income ability and/or potential to satisfy all financial sanctions imposed."    This appeal followed.

{¶ 6}    Before we can review the merits of appellant's assignments of error, we first must determine whether we have jurisdiction to do so. Courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."    Section 3(B)(2), Article IV, Ohio Constitution; *State v. Jackson*, 2016-Ohio-5488, 2016 WL 4485932, ¶46; *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶37.    "As a result, '[i]t is well-established that an order [or judgment] must be final before it can be reviewed by an appellate court.    If an order [or judgment] is not final, then an appellate court has no jurisdiction.'"    *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007–Ohio–607, 861 N.E.2d 519, ¶14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Jackson* at ¶46 (stating that courts lack "jurisdiction over orders that are not final appealable"); *Thompson* at ¶37 (same).    In the event that the parties involved in the appeal do not raise this jurisdictional issue, then the appellate court must sua sponte raise it.    *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶ 7}    "'[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02.'"    *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶6, modified on other grounds in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, quoting *State v. Muncie*, 91 Ohio St.3d 440, 444, 746 N.E.2d 1092 (2001), citing *State*

*ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 36, 460 N.E.2d 1372 (1984). R.C. 2505.02(B) defines the characteristics of a final order and states in relevant part:

> i.      An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
> (1)      An order that affects a substantial right in an action that in effect determines the action and prevents a judgment
> •      * * *

"Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant." *Baker* at ¶9.

{¶ 8}   Crim.R. 32(C) outlines the elements that a final, appealable judgment of conviction must contain. *Jackson* at ¶47; *Thompson* at ¶38.   Crim.R. 32(C) states:

> A judgment of conviction shall set forth the fact of conviction and the sentence.   Multiple judgments of conviction may be addressed in one judgment entry.   If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly.   The judge shall sign the judgment and the clerk shall enter it on the journal.   A judgment is effective only when entered on the journal by the clerk.

Thus, "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶14; *accord Jackson* at ¶47; *Thompson* at ¶38. Furthermore, "[a]s a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)."[1]   *Jackson* at ¶48,

---

[1] The Ohio Supreme Court stated that an exception to the "one document" rule exists "for capital cases, in which R.C. 2929.03(F) requires the court or panel to file a sentencing opinion. * * **   In those cases, 'a final, appealable order consists of both the sentencing opinion filed pursuant to R.C. 2929.03(F) and the judgment of conviction filed pursuant to Crim.R. 32(C).'"   *Jackson* at ¶48, quoting *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, syllabus; *Thompson* at ¶39.

quoting *Baker* at ¶17; *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶8; *Thompson* at ¶39; *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830, 2015 WL 4231627, ¶22.

{¶ 9}   Furthermore, this court consistently has stated that a trial court's judgment of conviction is not final and appealable if any counts of the indictment remain unresolved.[2]   *State v. Geisler*, 4th Dist. Athens No. 07CA35, 2008-Ohio-4836, 2008 WL 4325566, ¶13, quoting *State v. Brooks*, Cuyahoga App. No. 58548 (May 16, 1991), citing *State v. Brown*, 59 Ohio App.3d 1, 2, 569 N.E.2d 1068 (8th Dist.1989) (stating that trial court possesses "'a mandatory duty to deal with each and every charge prosecuted against a defendant,'" and "'[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)]'"); *e.g., State v. Gillian*, 4th Dist. Gallia No. 15CA3,   2016-Ohio-3232, 2016 WL 3058444, ¶6; *State v. Johnson*, 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370, 2015 WL 4987992, ¶11; *In re B.J.G.*, 4th Dist. Adams No. 10CA894, 2010-Ohio-5195, 2010 WL 4215625, ¶7; *State v. Wyant*, 4th Dist. Scioto No. 08CA3264, 2009-Ohio-5200, 2009 WL 3132525, ¶10; *accord State v. Pippin*, 1st Dist. Hamilton No. C-150061, 2016-Ohio-312, 2016 WL 524355, ¶5 ("An order in a criminal case is not final where the court fails to dispose of all the charges that are brought against a criminal defendant in an action."). To be final, a court's judgment need not, however, reiterate counts that ""were resolved in other ways, such as dismissals, nolled counts, or not guilty

---

[2] One member of this court has expressed some reluctance to adopt this approach.   *State v. Carver*, 4th Dist. Scioto No. 10CA3377, 2012-Ohio-3479 (Abele, J., dissenting); *State v. Phillis*,   4th Dist. Washington, 2007-Ohio-6893, 2007 WL 4464788 (Abele, J., dissenting).

findings.""""  *State ex rel. Rose v. McGinty,* 128 Ohio St.3d 371, 2011–Ohio–761, 944 N.E.2d 672,

¶3, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29,

2010-Ohio-4728, 936 N.E.2d 41, ¶2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of*

*Common Pleas,* 8th Dist. Cuyahoga No. 93814, 2010-Ohio-1066, 2010 WL 972808, ¶8.  Instead,

the court's judgment must fully resolve """"those counts *for which there were convictions*.""""[3]

(Emphasis sic.)  *Id.*, quoting *State ex rel. Davis*, 127 Ohio St.3d 29 at ¶2, quoting *State ex rel.*

*Davis*, 2010-Ohio-1066 at ¶8; *accord State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136,

2014-Ohio-43, 4 N.E.3d 1013, ¶13 (stating that "[n]othing in Crim.R. 32(C) or [the supreme]

court's jurisprudence requires a trial court to include as part of its sentencing entry the disposition

of charges that were previously dismissed by the prosecution").  Thus, in *Rose*, for instance, the

court held that the trial court's "sentencing entry did not need to include the dispositions of the

counts that Rose was originally charged with but that were not the basis for his convictions and

sentence" when "[t]hose counts were nolled."  *Id.*; *State ex rel. Eubank v. McDonald*, 135 Ohio

St.3d 186, 2013-Ohio-72, 985 N.E.2d 463, ¶1 (explaining that sentencing entry need not "specify

that some of the crimes for which [the defendant] was convicted were lesser included offenses of

the offenses charged in his indictment").

{¶ 10} Accordingly, a proper Crim.R. 32(C) judgment of conviction need not reiterate

charges that "were resolved in other ways."  Before the judgment of conviction may become final

and appealable, however, the record must reflect that all counts of the indictment actually were

---

[3]  As we discuss later in this decision, the Ohio Supreme Court has adopted two definitions of "convictions," depending on the context.    In *Rose*, the court seemingly used "convictions" to mean the findings of guilt.

resolved in some manner. *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012–Ohio–572, ¶6; *accord State v. Brewer*, 4th Dist. Meigs No. 12CA9, 2013–Ohio–5118, ¶6; *State v. Pruitt,* 8th Dist. Cuyahoga No. 96852, 2012–Ohio–1535, ¶5. A failure to properly terminate these so-called "'hanging charges' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case."[4] *Marcum* at ¶6, citing Painter and Pollis, Ohio Appellate Practice (2011–2012 Ed.), Section 2.9; accord *State v. Goodwin,* 9th Dist. Summit No. 23337, 2007–Ohio–2343, 2007 WL 1427473, ¶7 (stating that "'a trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him'"); *State v. Allman,* 2d Dist. Montgomery No. 24693, 2012–Ohio–413, ¶6 (determining that "when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory"); *State v. Heavilin*, 9th Dist. Medina No. 15CA0034-M, 2016-Ohio-1284, 2016 WL 1192793, ¶9, quoting *State v. Roberson,* 9th Dist. Lorain No. 09CA0099555, 2009–Ohio–6369, ¶6, quoting *Goodwin* at ¶13 (stating that a court "'"must dispose of all charges brought in a single case against a defendant in order to be final"'"). "'Allowing, or

---

[4] We previously noted that although Civ.R. 54(B) authorizes "piecemeal" appeals in civil cases upon a finding of "no just reason for delay," the criminal rules do not contain a similar "procedural mechanism * * * to allow multiple appeals in a criminal case." *State v. Lemaster*, 4th Dist. Meigs No. 14CA8, 2015-Ohio-4734, 2015 WL 7201415, fn. 4; *accord State v. Goodwin*, 9th Dist. Summit No. 23337, 2007–Ohio–2343, 2007 WL 1427473, ¶11, quoting *Wilcox v. Nick's L.A. Prods.*, 9th Dist. Summit No. 15064, 1991 WL 168593, *1 (Aug. 28, 1991), citing *State v. Torco Termite Pest Control*, 27 Ohio App.3d 233, 234, 500 N.E.2d 401 (10th Dist.1985) (stating that "the Ohio Constitution limits appeals to final orders 'as a means of preventing piecemeal litigation, avoiding delay, and promoting judicial economy'"); *State v. Hollaender*, 9th Dist. Wayne Nos. 12CA0040 and 13CA0006, 2014-Ohio-1782, 2014 WL 1691813, ¶36 (Carr, J., dissenting), citing *Middletown v. Jackson,* 8 Ohio App.3d 431, 432, 457 N.E.2d 898 (12th Dist.1983) (stating that "[t]here exists no mechanism in criminal cases to pursue piecemeal appeals" and noting that "allowing piecemeal appeals in criminal cases would merely serve to delay and impede the administration of criminal justice").

indeed requiring, a criminal defendant who wishes to appeal to appeal on some charges before all charges against him or her in a case have been disposed of would potentially result in multiple appeals from the same case, each appeal addressing less than all the issues.'" *Goodwin* at ¶11, quoting *Wilcox v. Nick's L.A. Prod.*, 9th Dist. No. 15064, 1991 WL 168593 (Aug. 28, 1991).

{¶ 11} In the case at bar, the trial court's judgment of conviction sets forth (1) the fact of appellant's conviction on the first count of pandering obscenity involving a minor, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. The state, however, charged appellant with three counts of pandering obscenity involving a minor. The court's judgment of conviction mentions only the first count, but does not mention the second and third counts. We therefore must determine whether the trial court otherwise disposed of the second and third counts such that they did not need to be included within its judgment of conviction. *See Rose, supra.*

{¶ 12} Our review of the trial court record reveals that appellant agreed to plead guilty to the first count, and that the parties further agreed that the second and third counts "would merge into" the first. Appellant, however, did not agree to plead guilty to the second and third counts. Moreover, the trial court did not find appellant guilty of the second and third counts. Instead, the trial court's "judgment entry of guilty" found appellant guilty of the first count and then merged the second and third counts with the first. The question we must therefore answer, in order to ascertain whether the trial court's judgment of conviction constitutes a final, appealable order, is whether the court's finding in its "judgment entry of guilty" that counts two and three merged with the first count disposed of all counts of the indictment. Answering this question requires us to decide whether a court completely disposes of all counts of a multi-count indictment by merging

offenses to which a defendant did not plead guilty (or of which the defendant was not found guilty) with the offense to which the defendant did plead guilty (or of which the defendant was found guilty).[5]

{¶ 13} Initially, we observe that when an indictment charges allied offenses of similar import, "a defendant may be indicted and tried for [all], but may be sentenced on only one of the allied offenses." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶17. Thus, "a defendant may be found guilty of allied offenses but not sentenced on them." *Id.* (citations omitted). If a defendant is found guilty of allied offenses, "the state * * * chooses which of the allied offenses to pursue at sentencing." *Id.* at ¶20 (Citations omitted). "'[T]he prosecution sooner or later must elect as to which offense it wishes to pursue' thereby implying that the state has latitude in determining when to decide which offense to pursue at sentencing." *Id.*, quoting Legislative Service Commission Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code (June 1973) 69. pursue at sentencing. Furthermore, R.C. 2941.25 "does not require the state to make its election prior to trial." *Id.* at ¶21, citing *State v. Weind*, 50 Ohio St.2d 224, 236, 364 N.E.2d 224 (1977), vacated on other grounds, 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156 (1978).

{¶ 14} A determination that offenses merge essentially disposes of those offenses. *State v. Pruitt*, 8th Dist. Cuyahoga No. 96852, 2012-Ohio-1535, 2012 WL 1142670, ¶6 (stating that a court must properly dispose of all counts charged in an indictment by, among other things, "merging them as allied offenses"). The Ohio Supreme Court explained, however, that offenses do not

---

[5] Because we are able to dispose of this appeal on other grounds, we do not consider whether a court must specify in its judgment of conviction that offenses merge in order to comply with the "one document" rule.

merge until sentencing.  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶18 *and ¶19, citing Whitfield* at ¶18 (stating that merger "occurs at sentencing," which is "a subsequent stage of the proceedings," i.e., after a guilty plea or finding of guilt); *State v. McGuire*, 80 Ohio St.3d 390, 686 N.E.2d 1112 (1997); *accord State v. Williams*, Slip Op. No. 2016-Ohio-7658.  Sentencing obviously cannot occur until a defendant is found guilty.  *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, 2008 WL 2714237, ¶12 (explaining that a finding of guilt "leads to a sentence" and that "a court cannot sentence a defendant who is found not guilty").  Thus, sentencing occurs only after a finding of guilt, and merger occurs at sentencing.  Logically, therefore, merger occurs only after a finding of guilt. Merger is not, in itself, a finding of guilt.  Instead, the concept of merger presupposes that the defendant has been found guilty of allied offenses.  *Rogers* at ¶19 (stating that "finding factual guilt is a prerequisite to merger").  Consequently, the merger of offenses "does not become relevant until valid convictions have *already* been obtained."[6]  *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶19.  Therefore, merging offenses is not proper in the absence of a finding that the defendant is guilty of the merged offenses.  *Rogers, supra*; *State v.*

---

[6] We observe that the Ohio Supreme Court has defined "conviction" in two ways, depending on the context.  *Compare State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, 2012 WL 5359250, ¶20 and *Whitfield* at ¶¶12-13 (both defining "conviction" to mean the finding of guilt and the sentence), with *Baker* at ¶11 (defining conviction to mean the finding of guilt).

Curiously, the *Earley* court appears to have used "conviction" in the allied offense context interchangeably with the finding of guilt.  *See id.* at ¶18 (emphasis sic) ("If a court concludes that particular multiple offenses are *not* allied offenses of similar import pursuant to R.C. 2941.25, the defendant may be convicted of all of them.  And if that occurs, the court then proceeds to sentence the defendant on all the offenses.").  The supreme court's prior allied offense cases, however, quite clearly stated that "conviction" means the finding of guilt and the sentence.  *Rogers* at ¶18; *Whitfield* at ¶¶12-13.  It is not clear whether the court intended to retreat from its prior definition. *See Earley* at ¶27 (O'Donnell, J., concurring).

*Green*, 2015-Ohio-2576, 2015 WL 3937894, ¶¶ 15-16 (12th Dist. Butler) (stating that "'merger' requires a conviction on the underlying charge").

{¶ 15} A defendant may be found guilty of an offense in four ways:

A defendant may plead guilty either at the arraignment or after withdrawing an initial plea of not guilty or not guilty by reason of insanity. A defendant may enter a plea of no contest and be convicted upon a finding of guilt by the court. A defendant may be found guilty based upon a jury verdict. A defendant also may be found guilty by the court after a bench trial.

*Baker* at ¶12. Additionally, "if a defendant maintains a not guilty plea throughout the litigation, the only way that this plea is overridden is through proof beyond a reasonable doubt leading to a guilty verdict during a jury trial or a finding of guilt by the court after a bench trial." *Id.*

{¶ 16} In the case sub judice, appellant initially entered not guilty pleas to all three counts. He later entered a guilty plea to the first count of pandering obscenity involving a minor. Nothing in the record shows that appellant agreed to plead guilty to the second and third counts, or that the court otherwise found appellant guilty of the second and third counts. Without a finding of guilt regarding the second and third counts, the court could not merge those offenses. *See Rogers, supra*. Thus, although the parties and the court apparently attempted to dispose of all counts of the indictment by merging the offenses, merger would not be proper in the absence of a finding of guilt concerning the merged offenses. Moreover, the absence of a finding of guilt concerning the second and third counts means that those offenses remain unresolved, despite the court's attempt to

merge them.[7]   Because the second and third counts remain unresolved, the court's judgment of conviction is not a final, appealable order.

{¶ 17} Accordingly, based upon the foregoing reasons, we lack jurisdiction to consider this appeal and must dismiss the appeal.

APPEAL DISMISSED.

---

[7]  We recognize that the parties' plea agreement that the second and third counts would merge with the first may have represented the state's election to pursue a finding of guilt concerning only the first count.   If this were the case, however, the state should have dismissed the second and third counts, instead of leaving appellant's guilt (or lack thereof) concerning the second and third counts undetermined.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.